WILSON COUNTY BOARD OF EDUCATION v. WILSON COUNTY BOARD OF COMMISSIONERS

No. 767SC393

(Filed 5 January 1977)

1. **Schools § 5— superintendent's local salary supplement — disapproval by county commissioners — authority of commissioners**

    Contention of petitioner Board of Education that since it is empowered by G.S. 115-39 to elect a superintendent and to enter into a written contract with him stating the terms and conditions of employment and since the local salary supplement provided in the contract is not unreasonable, the respondent County Commissioners should not be permitted to impair the obligation of that contract by refusing to agree to the payment of the full amount of the supplement which petitioner has contracted to pay is without merit, since the power granted petitioner by G.S. 115-39 does not go so far as to permit it to bind the respondents, who alone have the tax levying authority as far as local funds are concerned; therefore, insofar as the contract between the petitioner and its superintendent calls for payment from local funds, such contractual provisions are necessarily contingent upon the approval of the respondent.

2. **Schools § 5— "necessary" expense — construction of statute**

    The trial court's definition of "necessary expense" as used in G.S. 115-87 and G.S. 115-88 to mean "that which is indispensable" to maintain schools "and not that which is reasonable, useful, and proper or conducive to the end sought" amounts to too narrow a construction of those statutes.

3. **Schools § 5— superintendent's salary supplement — no "necessary" expense**

    Evidence was insufficient to support a finding that the payment of the entire amount of a local salary supplement provided in petitioner's budget for the superintendent of schools was "necessary" or "needed to maintain the schools" under any reasonable construction of G.S. 115-87 and G.S. 115-88.

APPEAL by petitioner from *Tillery, Judge.* Judgment entered 27 January 1976 in Superior Court, WILSON County. Heard in the Court of Appeals 21 September 1976.

This case arose because of a disagreement between the petitioner, the Wilson County Board of Education, and the respondent, the Wilson County Board of Commissioners, concerning petitioner's current expense fund budget for the 1974-75 fiscal year. At issue is only one item in the budget, being the item for supplement to the Superintendent's salary. Petitioner wished

to pay its Superintendent a locally funded salary supplement of $6,984.00. Respondent approved a locally funded salary supplement of $5250.00. The amount in dispute is the difference between those figures, $1734.00, out of the total current expense fund budget of $806,542.00.

This is the second time this case has been appealed to this Court. For a narration of the proceedings leading to the first appeal, reference is made to the opinion of this Court reported in *Board of Education v. Board of Commissioners*, 26 N.C. App. 114, 215 S.E. 2d 412 (1975). In summary, those proceedings were as follows:

In April 1973, after observing its new Superintendent perform his duties for approximately a year and finding his performance to be excellent, the petitioner entered into a new contract with its Superintendent calling for the payment to him of an annual salary supplement to be paid from local funds in the amount of $6500.00 "plus cost of living increases." For fiscal 1973-1974 petitioner submitted a budget which included $6500.00 for the salary supplement. Respondent approved only $5000.00 for that purpose. Because a gift from an anonymous donor made possible the payment of the full supplement provided in the contract, petitioner did not contest the reduction made by respondent in the 1973-1974 salary supplement item. For fiscal 1974-1975 petitioner submitted its budget which included $6984.00 for the Superintendent's local salary supplement, being the $6500.00 called for in the contract plus 7½% as a cost of living increase. Respondent approved $5250.00, being an increase of 5% over the amount which it had approved for the previous year. A joint meeting between petitioner and respondent and arbitration provided for by G.S. 115-87 failed to produce an agreement, and petitioner appealed to the superior court. After the first hearing in the superior court, the court entered judgment finding that the supplement which petitioner requested and which it contracted to pay its Superintendent was "not unreasonable." On the first appeal this Court, although not in disagreement with the finding made by the superior court, held that such a finding was not dispositive of the questions presented. Accordingly, we remanded the case for further proceedings.

Upon remand to the superior court after the first appeal, the case was heard by the court without a jury. Both parties presented evidence.

Board of Education v. Board of Commissioners

The pleadings and the evidence presented by the Wilson County Board of Education show the following:

On 18 May 1972 Dr. Henry Cole, the previous Superintendent of the Wilson County Schools, resigned effective 30 June 1972, one year before his contract would have normally expired. On receiving this resignation, the County Board of Education took immediate steps to secure a new Superintendent. Within a two-week period approximately twenty-two applications for the position of Superintendent were received by the County Board of Education, and the Chairman of the Board personally interviewed fourteen or fifteen of the applicants. Among the applicants was Mr. Earl Funderburk, whose background was far superior to that of the other applicants. At a special meeting on 1 June 1972 the County Board of Education elected Mr. Funderburk as Superintendent for the one year unexpired term of the previous Superintendent. The new Superintendent went to work immediately, and through his energetic leadership many improvements were effected in the Wilson County schools. In April 1973, the County Board of Education, acting pursuant to G.S. 115-39, negotiated a new contract with Mr. Funderburk and re-elected him as Superintendent for a term of four years. This election was certified to the State Superintendent of Public Instruction. In negotiating the new contract, dated 9 April 1973, the County Board of Education felt that a raise in the amount of the local supplement to the Superintendent's salary was justified because of the Superintendent's fine record and experience. Accordingly, the new contract contained the following provision:

> "In addition to the salary paid the Superintendent from State funds, the Superintendent shall receive annually from local funds as a supplement thereto the amount of $6500.00 plus cost of living increases annually."

A copy of the contract was filed with the State Superintendent of Public Instruction as required by G.S. 115-39.

In June 1973 the Wilson County Board of Education included an item of $6500.00 for the local supplement to the Superintendent's salary in the current expense budget which it submitted to the Wilson County Board of Commissioners for the fiscal year 1973-1974. The Board of Commissioners approved the overall amount in the budget requested by the Board of Education, but it reduced the line item for the Superintendent's salary supplement from $6500.00 to $5000.00 and directed

the County Board of Education to reallocate the $1,500.00 reduction in that item to other school purposes. This was done, $1,000.00 being put in the Superintendent's travel allowance and $500.00 being allocated for supplies. The County Board of Education did not at that time challenge the action of the Board of County Commissioners because an anonymous donor donated to the County Schools an amount equal to the reduction, thereby making it possible for the County Board of Education to honor its contract with the Superintendent for the fiscal year 1973-1974.

In May 1974 the County Board of Education submitted its budget request for the fiscal year 1974-1975 to the County Board of Commissioners. As first submitted this budget included an item of $7,500.00 for the local supplement to the Superintendent's salary. This item was subsequently reduced by the County Board of Education to $6,984.00, this figure being arrived at by applying a 7.5% factor as a cost of living increase to the $6,500.00 local supplement called for in the contract between the County Board of Education and the Superintendent. The revised item of $6,984.00 was included in the total current expense fund budget request of $806,542.00 as finally submitted by the County Board of Education to the County Board of Commissioners for the fiscal year 1974-1975. The County Commissioners approved the overall current expense fund budget of $806,542.00, making no reduction in that amount. However, the Commissioners refused to approve the line item of $6,984.00 for the Superintendent's local salary supplement and instead approved only $5,250.00 for that item. The Commissioners requested the County Board of Education to indicate to which line item or items the remaining $1,734.00 should be applied. The Board of Education refused to accede to this request, and this litigation ultimately resulted.

The Chairman and the two members of the Wilson County Board of Education who testified at the hearing in the superior court, each testified as to the excellent manner in which Mr. Funderburk has performed his duties as Superintendent and as to the many improvements which have been effected in the Wilson County Schools under his leadership. Each also testified that in his opinion the contract dated 9 April 1973 between the County Board of Education and the Superintendent and the payment of the supplement provided for therein is necessary for the maintenance of the Wilson County Schools.

The respondent, the Wilson County Board of Commissioners, presented exhibits and evidence to show that of the 100 county school systems in North Carolina there were sixteen, including the Wilson County school system, which in 1973 had an average daily membership in the range from 4000 to 5000. The local salary supplements paid to the Superintendents in these sixteen systems ranged from a low of $2,246.00 to a high of $6,600.00, and the total County-State salaries (including the local supplements) ranged from a low of $20,280.00 to a high of $24,792.00. The average daily membership of the Wilson County Schools was 4,670, the local supplement was $5,000.00, and the total County-State salary (including the local supplement) paid the Superintendent was $23,552.00.

The Chairman of the Wilson County Board of Commissioners, called as a witness by the petitioner, testified that in 1973-1974 and 1974-1975 there were three separate school systems in Wilson County, being the Wilson City, the Elm City, and the Wilson County school systems. Prior to 1973-1974 the Wilson City and Elm City school districts each had a supplementary tax. The Wilson County schools had none. Beginning with the 1973-1974 fiscal year the supplementary tax for the Wilson City and Elm City schools was abolished, and the County Commissioners adopted a single countywide tax rate. This resulted in an increase in the tax rate to residents outside the Wilson City and Elm City school districts. At the same time the Wilson County school budget was increased about 127% over the budget for the previous year.

The Chairman of the Wilson County Board of Commissioners further testified:

"The County Commissioners have a responsibility to provide the tax dollars for education and when it comes to supplements, it is my understanding of a supplement that it is something that somebody may give to someone in order to entice him to come to a community or perhaps do a little better than your next community. We went and got the ranges of the supplements around us trying to be fair about this thing and trying to compare it to longevity of service here in the county to the educational standing for degrees or whatever you might have as an individual, primarily trying to compete with your neighbors and I guess that is the way we made our judgment.

\*        \*        \*

In approving the current expense fund for the fiscal year 1974-1975 for the County Board of Education, the sum of $806,542.00, we looked at every line item and approved it except I think there was a question on the Superintendent's supplement.

I think that was the year we had a policy to limit supplements to a 5% increase. That was the sole reason for rejecting the remainder of the supplement request plus the fact that we had determined that $5,000.00 would be a legitimate and rightful supplement for him the two years previous.

For the fiscal year 1974-1975 we approved a Superintendent's supplement of $5,250.00.

When the County · Board of Education asked for a supplement far greater than what it had been, in trying to arrive at a fair way of arriving at this supplement to pay the Superintendent, the Commissioners took the measure of school attendance and every · measure that we could to try to see if we were being fair."

At the conclusion of the hearing the court entered judgment making findings of fact, conclusions of law, and adjudging that the Superintendent's salary supplement for the fiscal year beginning 1 July 1974 "stand as made and that payment over and above the budgeted amount is prohibited." The court further ordered that "[t]he sum of $1,734.00 in the petitioner's current expense fund representing the difference between the proposed supplement of $6,984.00 and the supplement approved by the respondents in the amount of $5,250.00 shall remain an unencumbered balance to be credited to the petitioner's current expense funds in the subsequent fiscal year in accordance with the express provisions of North Carolina General Statutes 115-86."

From this judgment the petitioner, the Wilson County Board of Education, appealed.

*Connor, Lee, Connor, Reece & Bunn by David M. Connor, Attorney for Wilson County Board of Education, appellant.*

*Carr, Gibbons and Cozart by F. L. Carr, Attorney for Wilson County Board of Commissioners, appellee.*

PARKER, Judge.

This case arose because of a disagreement as to one item in petitioner's current expense budget for the fiscal year which began 1 July 1974. By Ch. 437 of the 1975 Session Laws, the pertinent statutes in effect when this controversy arose were repealed effective 1 July 1976 and were replaced by "The School Budget and Fiscal Control Act," which is now codified as Art. 10A of G.S. Ch. 115. In this opinion reference will be made to the applicable statutes in effect when this case arose without further mentioning that they have now been replaced.

In this case there has been no disagreement between the petitioner, the Wilson County Board of Education, and the respondent tax-levying authority, the Wilson County Board of Commissioners, as to the *amount* of the petitioner's current expense fund for the 1974-1975 fiscal year. On competent evidence the trial court found as a fact that "[t]he Board of Commissioners budgeted a current expense fund in the total sum of $806,542.00, the said sum representing that portion of the county-wide current expense funds apportioned to the Wilson County Administrative School Unit on a per capita enrollment basis as required by North Carolina General Statutes 115-86." That finding is not questioned on this appeal. Furthermore, the petitioner County Board of Education has never contended that the amount of the current expense fund, $806,542.00, provided by the respondent County Commissioners was inadequate or that a larger sum was needed to maintain the schools in the administrative unit for which petitioner is responsible. The only controversy between the parties involves the question how $1734.00 out of the total $806,542.00 should be spent. Thus, this case involves a single item which is approximately two-tenths of one percent of the total current expense budget, the amount of which has never been in controversy.

[1] Petitioner contends that since it was empowered by G.S. 115-39 to elect a Superintendent and to enter into a written contract with him stating the term and conditions of employment and since the local salary supplement provided in the contract was not unreasonable, the respondent County Commissioners should not be permitted to impair the obligation of that contract by refusing to agree to the payment of the full amount of the supplement which petitioner contracted to pay. We do not agree. The power granted petitioner by G.S. 115-39 did not

go so far as to permit it to bind the respondent County Commissioners, who alone have the tax-levying authority as far as local funds are concerned. Therefore, insofar as the contract between the petitioner and its Superintendent called for payment from local funds, such contractual provisions were necessarily contingent upon the approval of the County Commissioners. In the opinion on the former appeal of this case, we said:

> "The board of commissioners are the representatives of the taxpayers in levying the tax, collecting the revenue therefrom, and spending it—all in the manner which will best suit the needs and interests of all the taxpayers. One of their duties is to provide the funds *necessary* to operate the public schools for nine months, but only *such funds as are needed for the economical administration of the schools.* They can only fulfill their duty to the taxpayers by considering closely all budgets presented to them as requests for funds. The statute requires the itemization of the budget requests and we think the General Assembly intended that each item be considered by the county commissioners, regardless of whether additional tax levy is necessary." *Board of Education v. Board of Commissioners,* 26 N.C. App. 114, 130, 215 S.E. 2d 412, 422-3 (1975).

We hold that the petitioner had no power, either by virtue of G.S. 115-39 or by any other statute of which we are aware, by contracting with a third party to foreclose the respondent County Commissioners from independently exercising the duty and responsibility which the law imposed upon them.

[2]  In the judgment appealed from the court, after making findings of fact, concluded as a matter of law "that the services performed by the superintendent and his qualifications while highly desirable do not meet the test of a necessary expense within the meaning of General Statutes, Chapter 115-87, -88 where it refers to 'amount needed to maintain the schools.' " In its judgment the court then went on to state:

> "For the purpose of this hearing, the Court treats the word 'necessary' to mean 'that which is indispensable' and not 'that which is reasonable, useful and proper or conducive to the end sought.' To rule otherwise would put the respondent in a position of being unable to deny any request for County funds for educational purposes so long

---

---

as that request was for a worthwhile objective, as the objectives of the petitioner most assuredly were."

We do not approve the statement contained in this conclusion of law. In our opinion G.S. 115-87 and G.S. 115-88 should not be so narrowly construed. The applicable statutes relating to the preparation and adoption of local school budgets clearly contemplate that the budget as finally adopted should be the result of the concurrence of two boards, one being the Board of Education for the particular school administrative unit involved and the other being the Board of County Commissioners, which alone is the tax-levying authority. The statutes clearly contemplate that each of these boards should exercise its own independent judgment. For example, G.S. 115-80 contains the following:

"Notwithstanding any other provisions of this Chapter, when necessity is shown by county and city boards of education, or peculiar local conditions demand, for adding or supplementing items of expenditure in the current expense fund, including additional personnel and/or supplements to the salaries of personnel, the board of county commissioners *may approve or disapprove, in part or in whole* any such proposed and requested expenditure." (Emphasis added.)

[3] Although we do not approve the narrow construction contained in the above conclusion of law, this does not impair the validity of the judgment. Without attempting to define more precisely what tests should be applied in general in determining what amount should properly be considered as being "necessary" or "needed to maintain the schools," as those words are used in G.S. 115-87 and 115-88, under no view of the evidence in the present case could the court have legitimately found that the disputed $1,734.00 here involved was "necessary" or "needed to maintain the schools." The additional $1,734.00, if paid to the Superintendent, would have increased his total annual compenpensation by approximately 7.5%. Whether his compensation should be so increased is clearly a matter as to which reasonable men could reasonably differ. We hold only that the evidence in this case would not support a finding that payment of the additional compensation was "necessary" or "needed to maintain the schools" under any reasonable construction of that statutory language. Although all of the evidence shows that the Superintendent performed his duties in a superior manner and that his leadership was responsible for effecting substantial improve-

ments in the Wilson County schools, there was no evidence that he would not continue to perform in the same exemplary fashion even though his compensation should not be increased by the disputed amount, nor was there evidence that no other competent person could be obtained to serve as Superintendent for the compensation approved by the respondent.

Evidence in this case reveals a situation in which the members of the Wilson County Board of Education, charged with the duty of maintaining the public schools in one of the three school systems in Wilson County, conscientiously felt that the schools for which they were responsible had been so improved by the services of their Superintendent that, in fairness to him and for the continuing benefit of the schools, his services should be more substantially rewarded. At the same time, the members of the Wilson County Board of Commissioners, charged with a responsibility to all of the residents and taxpayers of the County, including those residing in the two other school districts, and viewing the matter from a slightly different perspective, arrived at a different conclusion. The parties being unable to reach agreement by a joint meeting and consultation, the matter was referred to the courts under the statutes for that purpose then in effect. Our holding is only the narrow one that the evidence in this case would not support a finding that the payment of the disputed amount was "necessary" or "needed to maintain the schools" within the meaning of the applicable statutes.

Accordingly, the judgment appealed from is

Affirmed.

Judges BRITT and CLARK concur.